<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ANGEL PERDOMO, | : | |
| | : | Civil Action No. 05-1961 (SRC) |
| Petitioner, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**CHESLER**, District Judge

     This matter comes before the Court upon the motion (docket item #8) filed by Respondent United States of America (hereinafter "the Government") to dismiss *pro se* Petitioner Angel Perdomo's petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. Petitioner has not opposed this motion. The Court has considered the papers submitted, and for the reasons expressed in this Opinion, grants the Government's motion. Moreover, for the reasons expressed below, the Court rules that a certificate of appealability will not issue.

I.   **BACKGROUND**

     On May 24, 2000, Perdomo pleaded guilty to conspiracy to distribute and possess, with the intent to distribute, more than five hundred kilograms of cocaine, in violation of 21 U.S.C. §841(a)(1). In accordance with the United States Sentencing Guidelines, Perdomo was sentenced to a prison term of 200 months on February 13, 2001. Perdomo appealed his conviction, which

was affirmed by the Third Circuit on April 29, 2002.  See United States v. Perdomo, 38 Fed. Appx. 111 (3d Cir. 2002).  Perdomo did not file a petition for writ of certiorari within the 90 days provided by 28 U.S.C. §2101(c) and Rule 13.1 of the Supreme Court Rules.  Accordingly, the judgment against him became final on Monday, July 29, 2002.

On April 11, 2005, Perdomo filed this § 2255 petition, to vacate, set aside or correct his sentence.  The petition pleads for relief claiming that (1) Perdomo was denied the effective assistance of counsel and (2) he is entitled to re-sentencing under United States v. Booker, 543 U.S. 220 (2005).  The Court ordered the Government to answer the petition no later than August 29, 2005.  On August 29, 2005, the Government filed this motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the petition as time-barred.

## II.   DISCUSSION

### A.   **Standard of Review**

The Court must review the Government's motion according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6).  See Rule 12, Rules Governing Section 2225 Proceedings for the United States District Courts (providing that Federal Rules of Civil Procedure apply to § 2255 proceeding).  In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff, and in this case, the petitioner.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the

complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

Perdomo is a *pro se* petitioner. A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). However, even applying this generous standard, the Court finds that Perdomo's § 2255 petition must be dismissed as barred by the applicable statute of limitations.

**B.**   **Statute of Limitations**

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence. The Government argues that Perdomo's claim must be dismissed because he filed the instant habeas petition after the limitations period expired. Because the Court need not deal with the merits of Perdomo's § 2255 motion to vacate, set aside or correct his sentence, it will not discuss the statutory standard for obtaining relief.

The statute imposes a one-year limitations period on the filing of a request for relief under §2255. 28 U.S.C. § 2255. The one-year period runs from the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Perdomo filed his § 2255 motion on April 11, 2005, almost three years after his judgment of conviction became final on July 29, 2002.  See 28 U.S.C. § 2102(c) (providing that a petition for writ of certiorari may be filed within 90 days after the date judgment is entered by a United States court of appeals); Kapral v. United States, 166 F.3d 565, 572 (3d Cir. 1999) (explaining that when a defendant does not seek a writ of certiorari, the judgment of conviction becomes final upon the expiration of time allowed for filing a request for certiorari review) .   In accordance with the one-year limitations period, Perdomo's time to file a petition for relief from his sentence under § 2255 expired on July 29, 2003.  Although Perdomo claims in his petition that he "submitted a § 2255 Motion on April 22, 2003" (Pet. Mem. In Support Of Motion To Vacate, Set Aside, Or Correct Sentence at 1), there is no record that such a motion was ever filed. Because the § 2255 petition at bar was filed out of time, it must be dismissed for failure to state a claim upon which relief may be granted.  Fadayiro v. United States, 30 F.Supp.2d 772, 778-79

4

(D.N.J. 1998); Maldonado-Contreras v. United States, 2005 WL 1606918, at *2-*3 (D.N.J. July 7, 2005).

Section 2255's three other possible triggering events for the running of the one-year limitations period do not apply to this case.  There is no indication that government action impeded Perdomo from filing his motion or that facts supporting his petition have been newly discovered.  Moreover, the habeas petition before the Court does not invoke a newly recognized right "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Although Perdomo bases his § 2255 motion, in part, on United States v. Booker, he cannot benefit from the later date of the Booker decision as the trigger for the one-year period to file his habeas petition.  In Booker, the Supreme Court held that the provision of the Federal Sentencing Act that made the United States Sentencing Guidelines mandatory, 18 U.S.C. 3553(b)(1), violated the Sixth Amendment and therefore excised that provision.  Booker, 543 U.S. at 250-54, 258-59.  It is settled that Booker announced a new rule of criminal procedure.  Lloyd v. United States, 407 F.3d 608, 613 (3d Cir. 2005).  The Third Circuit has held, however, that Booker is not retroactively applicable to cases that became final before that decision was issued or to cases on collateral review.  Id. at 615-16 (analyzing Booker rule under Teague standard of non-retroactivity); see also Teague v. Lane, 489 U.S. 288, 310 (1989) (holding that generally, a new rule of criminal procedure is not retroactively applicable to cases that became final before new rule was announced); Beard v. Banks, 542 U.S. 406, 417 (2004) (discussing narrow exception to Teague's bar on retroactive application for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding").  The Supreme Court issued the Booker decision on January 12, 2005, two-and-a-half years after Perdomo's judgment of

5

conviction became final on July 29, 2002.

Accordingly, the one-year limitations period under § 2255 was triggered on the date Perdomo's conviction became final, that is, on July 29, 2002.  Because Perdomo filed the instant habeas petition after the limitations period expired, this Court dismisses his petition as time-barred.

### C.    Certificate of Appealability

This Court must determine whether a certificate of appealability should issue.  L.A.R. 22.2.  The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the district court dismisses a habeas petition based on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds, based on its review of Perdomo's § 2255 motion papers, that Perdomo has failed to make a substantial showing that his Sixth Amendment right to the effective assistance of counsel has been denied, and further has not shown that jurists of reason would find debatable that the petition fails to state a valid claim under Booker.  Moreover, this Court finds that jurists of reason would not find debatable this Court's dismissal of Perdomo's petition as time-barred.  Therefore, this Court declines to issue a certificate of appealability pursuant to § 2253(c)(2).

**III.    CONCLUSION**

For the foregoing reasons, this Court grants the Government's motion to dismiss

Perdomo's 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence.  A certificate of

appealability will not issue.  An appropriate form of order will be filed together with this Opinion.


                                                         s/ Stanley R. Chesler
_____       STANLEY R. CHESLER
                                                      United States District Judge

DATED: January 9, 2007

7